UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESSICA D. DUDLEY,<br><br>Defendant. | Case No.  6:21-po-00447-HBK<br><br>ORDER DENYING WITHOUTT PREJUDICE PLAINTIFF'S MOTION TO DISMISS<br><br>(Doc. No.  6) |

Pending before the Court is the government's Motion to Dismiss filed on October 20, 2021.  (Doc. No. 6).  Defendant was arrested on May 26, 2021 after allegedly operating a motor vehicle while impaired.  (Doc. No. 1, 3, 4).  According to the probable cause statement, the arresting officer smelled alcohol on defendant, she appeared intoxicated, she admitted to taking a "couple shots of tequila" and drinking a beer two hours before driving.  (*Id.* at 3, 4).  Per the citation, defendant repeatedly refused both breath and blood tests at the scene to determine her level of intoxication.  (*Id.*).  The United States subsequently charged Defendant with (1) Refusal By An Operator to Submit to a Test in violation of 36 CFR § 4.23(c)(2); (2) Operating a Motor Vehicle when Blood or Breath is 0.08 Grams or More of Alcohol in violation 36 CFR § 4.23(a)(2); and (3) Operating a Motor Vehicle While Under The Influence of Alcohol in violation of 36 CFR § 4.23(a)(1).  (*See* docket).

Defendant's counsel entered an appearance on October 19, 2021.  (Doc. No. 5).  The

Government's motion to dismiss consists of a single sentence: "Pursuant to Rule 48 of the Federal Rules of Criminal Procedure, and by leave of Court endorsed hereon, the United States hereby moves the Court for an order of dismissal of case 6:21- po-00447-HBK, with prejudice and in the interest of justice." (*Id.*).

A "district court's discretion to deny leave [under Rule 48] is limited" and is only permitted where "the motion was clearly contrary to manifest public interest." *United States v. Gonzalez,* 58 F.3d 459, 461-462. (9th Cir. 1995); *United States v. Garcia-Valenzuela*, 232 F.3d 1003, 1008 (9th Cir. 2000) (finding the district court had abused their discretion in denying a Rule 48 because there was "no evidence … that the government's motion was contrary to public interest."). The Court lacks sufficient information to determine whether the present dismissal is clearly contrary to public interest. There is a strong public interest "in keeping drunk drivers off the road." *Aiona v. Judiciary of State of Hawaii*, 17 F.3d 1244, 1249 (9th Cir. 1994); *Mackey v. Montrym*, 443 U.S. 1 (1979) (there is a "paramount interest … in preserving the safety of" public roads). Here, Defendant has been credibly accused of driving under the influence and then refusing to submit to lawful intoxication tests. To allow dismissal of these charges absent elaboration from the government would be an abdication of the Court's duty to protect the public interest. The Court will therefore deny Plaintiff's motion without prejudice. ***The government may refile their motion to include sufficient information for the Court to determine how the public interest is implicated by the dismissal.***

Accordingly, it is hereby **ORDERED:**

The government's Motion to Dismiss (Doc. No. 6) is DENIED without prejudice.

Dated:   October 22, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE